# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 12, 2002 Session

## STATE OF TENNESSEE v. MICKEY G. WHITE

**Direct Appeal from the Circuit Court for McNairy County**
**No. 1350     Jon Kerry Blackwood, Judge**

---

**No. W2001-02429-CCA-R3-CD  - Filed April 12, 2002**

---

Following a jury trial, the defendant was convicted of aggravated burglary and sentenced as a Range II, multiple offender to nine years in the Tennessee Department of Correction.  He timely appealed, arguing that the evidence presented was insufficient and that the trial court erred in instructing the jury as to criminal trespass as a lesser-included offense of aggravated burglary.  Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Didi Christie, Brownsville, Tennessee (on appeal); Gary F. Antrican, District Public Defender (at trial); and Rickey W. Griggs, Assistant District Public Defender (at trial), for the appellant, Mickey G. White.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Jerry W. Norwood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On August 8, 2000, at approximately 8:10 p.m., the victim, Chris L. Dickey, was asleep in his living room in the Bethel Springs community.  He normally worked a 2:30 to 11:00 p.m. shift but had stayed home that day because of illness.  He was awakened by a knock at his front door and left the living room to get his pants.  When he came back into the room, the knocking had stopped, but he heard a "scratching" sound at his back door and, then, a squeak as the door opened.  He obtained a pistol from his bedroom and returned to find the defendant standing in his living room holding a wristwatch and a case containing binoculars, all of which belonged to the victim.  The

defendant asked the victim not to shoot, saying that he had not pried open the door, as the victim accused, but that it was unlocked. He told the victim that he had entered the house because he needed gasoline for his car. The victim made the defendant wait until a law enforcement officer arrived, and then he looked at his back door. He observed that the lip of the door had been pried up to gain access to the lock. The latch had been pushed and the door opened.

The victim said that his watch and binoculars case had been in a bowl in the kitchen and dropped by the defendant onto the living room floor when the victim told him to "freeze." The victim identified two gray socks admitted into evidence, saying that the socks "look[] sort of like what he had on his hands" the night of the incident.

Deputy Joe Lambert, of the McNairy County Sheriff's Department, responded to the 911 call to the victim's residence. He discovered that the victim's back door had been pried open and found scratch marks, consistent with those made by a screwdriver, on the door. The defendant, who was bleeding from a head laceration, was inside the house. After arresting the defendant and transporting him to the hospital for treatment of his injury, Lambert discovered a screwdriver and two gray socks in the backseat of his patrol car, where the defendant had been sitting.

Deputy Allen Strickland, also of the McNairy County Sheriff's Department, testified that he responded to the 911 call, as well, and was directed by a witness to a vehicle parked on a "field road" about 200 yards from the victim's residence. The vehicle, which he had towed, was registered to the defendant's "wife or girlfriend." At the conclusion of Deputy Strickland's testimony, the State rested its case.

The defendant, who was the only witness testifying for the defense, said that, at the time of trial, he was incarcerated in the Tennessee Department of Correction as the result of a 1991 drug conviction, for which he had been paroled, and then the parole revoked as the result of the instant offense. He testified that he had also been convicted of bribery of a public servant.

The defendant said that on August 8, 2000, he had driven his wife to her sister's house and was "going down to the water shed to see if anybody was down there that I knew that was fishing down there." He said that the "hot light and the gas light started flashing," and he turned onto a field road to turn around. His car went dead, and he was unable to restart it. He first tried to work on the battery, and picked up the socks, apparently, to wipe his hands. After he was unable to restart the car, he put the socks and a screwdriver in his back pocket and clipped his pocketknife to his right front pocket and began walking toward a house he had seen. He knocked first at the front door and, then, went to the back door, where he said that he committed the act of trespassing. The defendant said that he picked up the binoculars' case because he thought it was a cell phone, and that he picked up the watch to see what time it was. He said that the victim struck him with the butt of a gun and threatened to kill him. The defendant said the victim accused him of trying to steal his truck. He admitted that he pried open the door but said it was only after he had knocked more than once at the door.

# ANALYSIS

## I. Sufficiency of the Evidence

The defendant argues that the evidence was insufficient to establish that he entered the victim's home with the intent to commit a felony, theft, or assault. He contends that he had a plausible explanation for the screwdriver and socks that were discovered in his possession, and for picking up the victim's binoculars and wristwatch. He further contends there was no proof that he had any intent to assault the victim. The defendant asserts that the jury appears to have concluded that he intended to commit a theft rather than aggravated burglary.

The State argues that there was overwhelming proof that the defendant broke into the victim's residence and exercised control of the victim's property without his consent. The State asserts that there is direct evidence that the defendant entered the victim's residence without consent; that he carried a knife in his pocket; and that he began to remove items as soon as he entered the residence.

In considering this issue, we apply the familiar rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); see also State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992); Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted

defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Tennessee Code Annotated section 39-14-402, in pertinent part, defines the offense of burglary:[1]

> (a) A person commits burglary who, without the effective consent of the property owner:
>
>> (1)  Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>>
>> (2)  Remains concealed, with the intent to commit a felony, theft or assault, in a building; [or]
>>
>> (3)  Enters a building and commits or attempts to commit a felony, theft or assault[.]

Utilizing the definitions of  "theft," Tenn. Code Ann. § 39-14-103, and "deprive," Tenn. Code Ann. § 39-11-106(a)(8)(A), the defendant argues that "[t]here was no evidence that [his] picking up of the binoculars and watch withheld that property from [the victim] 'permanently or for such a period of time as to substantially diminish the value or enjoyment of the property.'" That may be true, but the argument overlooks the fact that burglary can occur as the result of an unlawful entry into a dwelling with the "intent to commit a . . . theft," Tenn. Code Ann. § 39-14-402(a)(1), which is what the indictment alleged.

Considering the evidence in the light most favorable to the State, we conclude that there was sufficient proof for the jury to convict the defendant of aggravated burglary.  The evidence showed that the victim's locked back door was opened by the defendant and that he picked up items of value as he walked through the residence.  From this, the jury could reasonably conclude that the defendant entered the victim's dwelling, with the intent to commit theft and without the consent of the victim.

This issue is without merit.

## II.  Instruction as to Criminal Trespass as a Lesser-Included Offense of Aggravated Burglary

The defendant contends that criminal trespass is not a lesser-included offense of aggravated burglary.  He argues that he committed criminal trespass and that the evidence supports a conviction for that offense rather than a conviction for aggravated burglary.  He claims, however, that since the

---

[1]Burglary of a habitation, of which the defendant was convicted, is proscribed by Tennessee Code Annotated section 39-14-403(a).

indictment did not charge him with criminal trespass and criminal trespass is not a lesser-included offense of aggravated burglary, his conviction should be reversed.

A person commits criminal trespass "who, knowing the person does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof." Tenn. Code Ann. § 39-14-405(a). The defendant asserts that criminal trespass does not meet the State v. Burns, 6 S.W.3d 453 (Tenn. 1999), definition for a lesser-included offense because all of the elements of criminal trespass are not included in the elements of aggravated burglary.

The State concedes that criminal trespass does not meet part (a) of the Burns test but cites State v. George Redd, No. W2000-01620-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 631 (Tenn. Crim. App., Jackson, Aug. 9, 2001), perm. to appeal denied (Tenn. Mar. 4, 2002), where this court held that criminal trespass is a lesser-included offense of aggravated burglary under part (b) of the test. The State further argues that any error in charging the jury on the lesser offense of criminal trespass was harmless since the defendant was convicted of the greater offense.

The claim that the offense was criminal trespass, rather than burglary, was injected into the case by the defendant, himself, apparently wanting any conviction to be for a misdemeanor rather than a felony, with which he was charged. We agree with the holding in George Redd that, under part (b) of the Burns test, trespass is a lesser-included offense of aggravated burglary and, thus, the trial court did not err in so charging. Further, a party cannot create error at the trial level and, then, seek relief on appeal because of that error. See Tenn. R. App. P. 36(a).

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

-5-